UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY ARENAS,<br><br>        Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden, et al.,<br><br>        Respondents. | Case No.: 21-CV-941 JLS (MSB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a March 22, 2019 conviction in San Diego County Superior Court, case number SCS303353, for which he is currently awaiting resentencing after remand by the state appellate court. *See* ECF No. 1 (the "Petition"). Petitioner has paid the $5.00 filing fee. *See* ECF No. 1-2.

## ABSTENTION

  It is evident that the Petition must be dismissed because the Court is barred from considering Petitioner's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These

concerns are particularly important in the habeas context, where a state prisoner's conviction may be reversed on appeal, thus rendering the federal matter moot. *Sherwood v. Thompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

The Ninth Circuit has explained that "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate(s) important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek(s) to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Each of these criteria is satisfied in this case. Petitioner acknowledges his criminal case is ongoing in state court, as Petitioner indicates his case was "remanded by court of appeal for a resentence" and "I am still waiting for my remand for a resentence." Petition at 5. It is also clear the state proceedings involve important state interests. Petitioner has not shown he is unable to raise his federal claims in the state proceedings. Petitioner currently presents claims alleging a denial of due process arising from the denial of a severance motion on one of the three counts charged, insufficient evidence to support the verdict as to requisite felonious intent using force or fear, and the trial court's imposition of an illegal sentence, *see id.* at 7–11, which are the types of claims state courts provide an opportunity to raise on direct appeal. Indeed, Petitioner indicates he previously filed actions in the state appellate and supreme courts raising the issues presented in the instant Petition. *See id.* at 5, 7–8, 11. Finally, given that Petitioner requests, among other things, that the Court "dismiss all charges & guarantee defendant immediate release," *id.* at 10, as well as "a reversal or dismissal and time served," *id.* at 11, it is also evident federal action would enjoin the ongoing state criminal proceeding.

Accordingly, abstention is required. *See Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in,

judgment has been appealed from and the case concluded in the state courts."); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that, if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

## CONCLUSION

In light of the foregoing, the Court **DISMISSES** the Petition **WITHOUT PREJUDICE** because the Court must abstain from interfering in the ongoing state proceedings. The Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: May 21, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge